UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANNY JOE BARBER, III,

              Plaintiff,

   v.

R. CAMPBELL, et al.,

              Defendant.

Case No. C24-5636-KKE-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff Danny Joe Barber III is a pretrial detainee at the Kitsap County Jail in Port Orchard, Washington. Dkt. 7. Proceeding pro se and *in forma pauperis*, he submitted a 42 U.S.C. § 1983 civil rights complaint alleging violations of his right to counsel, "deprivation to secure evidence," denial of his "grievance process [and] requests," and "interference with a civil suit." *Id.* at 4. Plaintiff names the Kitsap County Sheriff's Office and Sergeant R. Campbell as Defendants. *Id.* In his complaint, Plaintiff alleges he filed "over 25 grievances and complaint requests to appropriate the situation" and that he "requested Internal Affairs to investigate" the Kitsap County Sheriff's Office and Bremerton Police Department for "the violation of [his] civil

REPORT AND RECOMMENDATION - 1

1  rights." *Id.* at 5.  He seeks payment of $500,000.00 as relief, plus an additional $1,000.00 for

2  "each day" he is incarcerated.  *Id.*

3        On September 16, 2024, the Court issued an Order Declining to Serve and Granting

4  Leave to Amend.  Dkt. 9.  The Court identified deficiencies in the complaint and granted

5  Plaintiff a period of 30 days to amend his complaint, if possible, to correct those deficiencies.

6  The Court noted that if no amended complaint was timely filed, or if Plaintiff filed an amended

7  complaint that failed to correct the identified deficiencies, it would recommend that this matter

8  be dismissed.  To date, Plaintiff has not responded to the Court's Order.  The Court now

9  recommends dismissal.

10  <u>DISCUSSION</u>

11        To sustain a § 1983 claim, a plaintiff must show (1) that he suffered a violation of rights

12  protected by the Constitution or created by federal statute, and (2) that the violation was

13  proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487

14  U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  A plaintiff

15  must provide more than conclusory allegations; he must set forth specific, plausible facts to

16  support his claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009).  Moreover, a plaintiff in a

17  § 1983 action must allege facts that show how an individually named defendant caused or

18  personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d

19  1350, 1355 (9th Cir. 1981).

20        The allegations Plaintiff makes in his complaint are mere conclusory assertions.  He

21  alludes to a situation or event in which his civil rights were allegedly violated but gives no

22  details as to what the violation was, who perpetrated it, or when it occurred.  *See* Dkt. 7 at 5.

23  Defendant R. Campbell is not mentioned in the complaint at all, and the Kitsap County Sheriff's

REPORT AND RECOMMENDATION - 2

1  Office is only mentioned to the extent that Plaintiff states he requested Internal Affairs to
2  investigate the event.  Moreover, sheriff offices in Washington state are not "persons" subject to
3  suit under § 1983, so the Kitsap County Sheriff's Office is not a proper defendant here.  *See*
4  *Hordon v. Kitsap Cnty. Sheriff's Off.*, No. 20-5464 RJB, 2020 WL 4286769, at *2 (W.D. Wash.,
5  July 27, 2020) (citing *Wright v. Clark Cnty. Sheriff's Off.*, C15-5887 BHS-JRC, 2016 WL
6  1643988, at *2 (W.D. Wash. Apr 26, 2016); *Van Vilkinburgh v. Wulick*, C07-5050 FDB, 2008
7  WL 2242470, at *1 (W.D. Wash. May 29, 2008); *Bradford v. City of Seattle*, 557 F. Supp. 2d
8  1189, 1207 (W.D. Wash. 2008)).
9       Finally, because of the lack of clarity in the complaint, the Court cannot ascertain
10 whether it may have additional deficiencies, such as an issue under either the *Heck* or *Younger*
11 doctrines.  Given each of these deficiencies and Plaintiff's failure to submit an amended
12 complaint correcting them, this matter should be dismissed.

13                              CONCLUSION

14      The Court recommends this matter be DISMISSED without prejudice.  A proposed order
15 accompanies this Report and Recommendation.

16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //

REPORT AND RECOMMENDATION - 3

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 18, 2024**.

Dated this 28th day of October.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4